# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DBSI INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12687 (PJW)<br><br>Jointly Administered<br><br>Ref. Docket Nos.: 6864, 6910, 6911, 6913, 6915, 6920, 6921, 6932, 6933, 6934, 6935, 6936, 6993, 6994, 6998, 7301, 7356, 7358, 7359, 7360, 7361, 7362, 7363, 7365, 7410, 7414, 7415 and Adv. Proc. No. 10-54648, Docket No. 60 |

## FINAL ORDER ESTABLISHING PROCEDURES GOVERNING AVOIDANCE ACTIONS

Upon the motion (the "Motion")[2] of James R. Zazzali, as the Litigation Trustee (hereafter, the "Trustee" or "Plaintiff") for the DBSI Estate Litigation Trust (hereafter, the "Litigation Trust"), by and through his undersigned counsel, for entry of an Order establishing certain streamlined procedures governing the avoidance action adversary proceedings filed in this case ("Avoidance Actions"); and the Court having determined that (i) it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of the Motion is proper pursuant to 28 U.S.C. § 1409(a); and (iv) service to the parties stated on the Certificate of Service is adequate under the circumstances; and it appearing that due notice of the Motion has been given; and the Court having reviewed the moving papers; and the Court having considered the objections, joinders and other responses to the Motion [Docket Nos. 6910, 6911, 6913, 6915, 6920, 6921, 6932, 6933, 6934, 6935, 7301,

---

[1] The last four digits of DBSI Inc.'s federal tax identification number are 5037.

[2] All terms not defined herein shall have the meaning ascribed to such terms in the Motion.

7356, 7358, 7359, 7360, 7361, 7362, 7363, 7365, 7410, 7414, 7415 and Adv. Proc. No. 10-54648, Docket No. 60], and the Trustee's Omnibus Response to such objections [Docket No. 6936]; and the Court having conducted a hearing on the Motion on December 15, 2010; and the Court having entered an *Interim Order With Respect to the Trustee's Motion for Order Establishing Procedures Governing Avoidance Actions* on December 28, 2010 [Docket No. 6998] ("Interim Order") that (i) continued the hearing on the Motion without date, (ii) directed the trustee to proceed with service of the summons and complaints with a copy of the Interim Order in each Avoidance Action, (iii) fixed a date for a pretrial conference, (iv) stayed each of the Avoidance Actions upon effective service of process, and (v) directed that no party to any Avoidance Action need respond to any complaint or motion pending further Order of the Court at or after the pretrial conferences; and the Court having considered the Trustee's Status Reports with respect to the Avoidance Actions filed on May 16, 2011 [Docket Nos. 7302 - 7304]; and the Court having conducted a further hearing on the Motion on July 12, 2011; and after due deliberation and good cause having been shown for entry of this Order, it is hereby **ORDERED** that:

1. The Motion is granted and approved.

2. The Avoidance Action Procedures attached hereto as Exhibit 1, as amended, are approved and, except as set forth below, shall apply to all of the Avoidance Actions commenced by the Trustee.

3. The relief granted herein shall not apply to the following adversary proceedings:

   a. *James R. Zazzali, as Trustee v. Walter E. Mott*, Adv. Proc. No. 10-51302 (PJW);

   b. *James R. Zazzali, as Trustee v. Douglas L. Swenson, Charles Hassard, John M. Mayeron, Gary Bringhurst, Thomas Var Reeve, Farrell Bennett, United States of America, Department of the Treasury, Internal Revenue Service, Georgia Department of Revenue, Idaho State Tax Commission,*

> *Illinois Department of Revenue, Indiana Department of Revenue, Iowa Department of Revenue, Kansas Department of Revenue, Louisiana Department of Revenue, Michigan Department of Treasury, Missouri Department of Revenue, Nebraska Department of Revenue, New Jersey Division of Taxation, New Mexico Tax & Revenue Department, North Carolina Department of Revenue, Ohio Department of Taxation, Oregon Department of Revenue, Pennsylvania Department of Revenue, South Carolina Department of Revenue, Utah State Tax Commission, Wisconsin Department of Revenue, John Does 1-50, ABC Entities 1-50, Virginia Department of Taxation, Minnesota Department of Revenue, Maine Revenue Services, Colorado Department of Revenue, California Franchise Tax Board, California State and Consumer Services Agency, Arizona Department of Revenue*, Adv. Proc. No. 10-54649 (PJW).

c. *James R. Zazzali, as Trustee of the DBSI Estate Litigation Trust created by operation of the Second Amended Joint Chapter 11 Plan of Liquidation; and Conrad Myers, as Trustee of the DBSI Liquidating Trust created by operation of the Second Amended Joint Chapter 11 Plan of Liquidation v. Wavetronix LLC, David V. Arnold, Linda S. Arnold, Michael Jensen, John Does 1-50, and ABC Entities 1-50*, Adv. Proc. No. 10-55963 (PJW).

d. *James R. Zazzali, as Trustee v. Pioneer Title Company of Ada County*, Adv. Proc. No. 10-54243 (PJW) - a separate scheduling order will be submitted by the parties.

e. *James R. Zazzali, as Trustee v. AFA Financial Group, LLC, et al.*, Adv. Proc. No. 10-54524 (PJW) - a separate scheduling order will be submitted by the parties.

f. *James R. Zazzali, as Trustee v. 1031 Exchange Group LLC, et al.*, Adv. Proc. No. 10-54648 - a separate scheduling order will be submitted by the parties.

g. *James R. Zazzali, as Trustee v. Alamo Title Company, et al.*, Adv. Proc. No. 10-54161 [3] - a separate scheduling order will be submitted by the parties.

h. *James R. Zazzali, as Trustee v. Chicago Title Insurance Company*, Adv. Proc. No. 10-54256 - an Order staying this Avoidance Action through and including August 22, 2011 was entered on July 12, 2011. Adv. Proc. 10-54256, Docket No. 8.

---

[3] On June 20, 2011, Defendant Alamo Title Company was dismissed from this Avoidance Action; however, this Avoidance Action remains open as to the other defendants.

      i.      *James R. Zazzali, as Trustee v. Fidelity National Title Insurance Company,* Adv. Proc. No. 10-54224[4] - a separate scheduling order will be submitted by the parties.

      j.      *James R. Zazzali, as Trustee v. Transnation Title & Escrow, Inc.,* Adv. Proc. No. 10-54234 - an Order staying this Avoidance Action through and including August 22, 2011 was entered on July 12, 2011. Adv. Proc. 10-54234, Docket No. 6.

      k.      *James R. Zazzali, as Trustee v. Taylor Waterproofing Plus, Inc.,* Adv. Proc. No. 10-54130 (PJW) - a separate scheduling order will be submitted by the parties.

4.      Within 90 days after serving a Notice of Commencement, the Trustee shall file with this Court, and serve on each of the Avoidance Action Defendants by email or regular mail, a status report identifying the Avoidance Actions included in each such Notice of Commencement.

5.      This Order is without prejudice to the right of any Avoidance Action Defendant to seek withdrawal of the reference of an Avoidance Action to this Court pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr.P. 5011 and Local Rule 5011-1; provided however, that nothing set forth herein shall limit or derogate from (i) the maintenance of venue of the Avoidance Actions in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409 and/or ((ii) this Court's jurisdiction over the Avoidance Actions pursuant to 28 U.S.C. §§ 157, 1334, 1408 and/or 1409, the Confirmation Order, the Plan, other applicable law, or otherwise.

---

[4] On June 20, 2011, Defendant Fidelity National Title Insurance Company was dismissed from this Avoidance Action; however, this Avoidance Action remains open as to the other defendants.

6.  The Trustee shall serve a copy of this Order on each Avoidance Action Defendant within five (5) business days after entry of this Order.

Dated: July 20, 2011
Wilmington, Delaware

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge

# EXHIBIT 1

## DBSI AVOIDANCE ACTION PROCEDURES

The following Avoidance Action Procedures shall apply to all Avoidance Actions:

a) *Pro Hac Vice*. Non-Delaware counsel for parties to the Avoidance Actions will not be required to file a separate motion for admission *pro hac vice* in the Avoidance Actions if this Court has previously entered an order granting counsel admission *pro hac vice* in Case No. 08-12687 (PJW) (the "Lead Case").

b) Notice of these Special Procedures. The Trustee shall serve a copy of the approved Avoidance Action Procedures on each Avoidance Action Defendant.

c) Stay. The stay of each Avoidance Action provided in the Interim Order (the "Stay") shall continue until lifted as set forth in paragraph (e) below, except that any defenses in law or fact that can be asserted pursuant to Federal Rule of Civil Procedure 12(b)(4) - insufficiency of process, and 12(b)(5) - insufficiency of service of process, made applicable to the Avoidance Actions pursuant to Federal Rule of Bankruptcy Procedure 7012(b), shall be asserted within forty-five (45) days after service of these Avoidance Action Procedures. Notwithstanding the foregoing, any Avoidance Action Defendant shall be permitted to file and serve a motion in response to a complaint. However, Plaintiff's time to respond or object to any such motion(s) shall be governed by the schedule set forth below in paragraph f. The Stay implemented by the Avoidance Action Procedures shall not affect the Trustee's right to amend or dismiss any Avoidance Action complaints during the stay.

d) Staggered Litigation Schedule. The Avoidance Actions will be litigated in waves, with staggered schedules. Plaintiff shall notify Avoidance Action Defendants of the commencement of each wave by written notice ("Notice of Commencement") in a form substantially similar to the form attached hereto as Exhibit A. The number, grouping and timing of waves will be initially determined by the Trustee, after consultation with the Oversight Committee and consideration of a number of factors, including, but not limited to, the progress in prior waves, logistical difficulties, if any, the size and complexity of the Avoidance Actions, the presence of common issues, and the existence of common counsel for certain of the Avoidance Action Defendants. The proposed procedures do not prevent any Avoidance Action Defendants from requesting inclusion in or exclusion from a wave at any particular time by contacting the Plaintiff's counsel. The initial decision whether to include an Avoidance Action within a particular wave will be made by the Trustee, provided, however, that an Avoidance Action Defendant may seek relief from the Court to be included or excluded within a particular wave and no presumption shall arise from the Trustee's decision nor will the Avoidance Action Defendants be prejudiced by the Trustee's decision to include or exclude the Avoidance Action Defendants in the requested wave.

e) Lifting of the Stay. The Stay of each Avoidance Action pursuant to the Interim Order shall continue until: (i) service of a Notice of Commencement by the Trustee on each defendant listed therein, or (ii) further Order of the Court for good cause shown.

f) Time to Respond to the Complaint. Each Avoidance Action Defendant shall have forty-five (45) days (the "Defendant Response Deadline") from the Trustee's service of the

Notice of Commencement or the Court's entry of an order lifting the Stay, to file an answer or otherwise move in response to the complaint (to the extent they have not previously done so). Plaintiff will thereafter have forty-five (45) days (the "Plaintiff Response Deadline") from the Defendant Response Deadline to file a response, if any is required by the Federal Rules of Bankruptcy Procedure. A reply by the Avoidance Action Defendant, if any, must be filed within twenty-one (21) days after the Plaintiff Response Deadline. In the event that an Avoidance Action Defendant files an answer, motion or other response to a complaint prior to the Trustee's service of a Notice of Commencement in the applicable Avoidance Action, then the Trustee shall have forty-five (45) days after the date that the Notice of Commencement is served to respond.

   g) <u>Thirty (30) Day Extension</u>. Without further order of the Court, the parties may agree by stipulation to one extension of time of no more than thirty (30) days within which an Avoidance Action Defendant must respond to a complaint. The stipulation must be in writing to be binding on the Plaintiff. Any further or longer extensions of time will require Court approval.

   h) <u>Mediation Procedures</u>. In the event that the Trustee and an Avoidance Action Defendant agree to mediation and the terms thereof, including the identity and compensation of a mediator, then the following procedures and timetable shall apply:

   (1) After Plaintiff serves a Notice of Commencement, and the parties to an Avoidance Action agree to mediate, Plaintiff and the applicable Avoidance Action Defendant shall promptly confer as to the terms of mediation.

   (2) Within one-hundred and twenty (120) days after the parties agree to mediation, the parties must have commenced the mediation process by having (a) agreed upon a mediator, (b) agreed in writing to the terms of the mediator, including as to compensation, and (c) scheduled a date for the mediation.

   (3) At least seven (7) days prior to the scheduled mediation, the parties shall either exchange position statements directly or submit confidential position statements to the mediator. Unless agreed in writing by both parties and the mediator, the position statements shall not exceed ten (10) pages double-spaced (exclusive of exhibits and schedules). The mediator may also require the parties to provide to the mediator any relevant papers and exhibits, and a settlement proposal.

   (4) The mediations may be conducted at the offices of Gibbons P.C. in Newark, New Jersey; New York, New York; Philadelphia, Pennsylvania; or Wilmington, Delaware; or at any location otherwise agreed to by the parties to the mediation. Alternatively, for the convenience of the parties and with the consent of the mediator, mediation sessions may also be conducted telephonically in order to limit the costs of mediation. However, no mediation shall be scheduled until after the affected Avoidance Action Defendant has answered or otherwise moved with respect to the complaint and all responsive and reply pleadings related thereto have been filed.

   (5) The mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The mediator may implement additional procedures which are reasonable and practical under the circumstances.

(6) The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. Notwithstanding Local Rule 9019-5(c)(iii), neither Plaintiff nor defendants shall be required to appear at any mediations in person so long as their respective counsel will be in attendance at every mediation with the ability to contemporaneously contact their respective clients and, when required, the Oversight Committee, to obtain settlement authority.

(7) The length of time necessary to effectively complete the mediation will be within the mediator's discretion. The mediator may also adjourn a mediation that has been commenced if the mediator determines that an adjournment is in the best interests of the parties.

(8) In accordance with Del. Bankr. L.R. 9019-5(d), all proceedings and writings incident to the mediation will be considered privileged and confidential, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing or responsibility.

(9) Except as set forth in paragraph (j)(4) above, if a party (a) fails to submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the mediator or ordered by the Court, or (b) fails to attend the mediation, then the non-defaulting party may file a motion for appropriate sanctions.

(10) Except as otherwise provided in the Plan and/or Confirmation Order, post-mediation procedures shall be governed by Del. Bankr. L.R. 9019-5(f).

(11) These Mediation Procedures modify and supercede the General Order as the same may apply to preference actions under 11 U.S.C. § 547.

i) Discovery Procedures. The following discovery procedures shall apply to all Avoidance Actions:

(1) Stay. Absent consent of the parties or further order of the Court, all formal discovery in the Avoidance Actions shall be stayed until thirty (30) days after the Defendant Response Deadline.

(2) Voluntary Exchange of Information. Nothing contained herein shall prevent the parties to any Avoidance Action from voluntarily exchanging documents and information or engaging in settlement discussions at any time.

(3) Scheduling Order. In those Avoidance Actions that are not mediated by agreement of the parties and those Avoidance Actions where no settlement has been achieved by the end of mediation, the parties shall conduct a discovery conference pursuant to Bankruptcy Rule 7026(f) and submit a discovery scheduling order to the Court (the "Scheduling Order") within thirty (30) days after the date the mediator's report is filed in the Avoidance Action pursuant to Del. Bankr. L.R. 9019-5(f), or, for those Avoidance Actions not mediated, within ninety (90) days after the Defendant Response Deadline. In any Avoidance Action in which a Scheduling Order has been submitted to the Court, except as set forth below, no pretrial conference will be held pursuant to Federal Rule of Bankruptcy Procedure 7016 ("Pretrial Conference").

j)      **Pretrial Conferences/Motion Hearing Dates**. The Court will schedule regular Omnibus Hearing dates in the Lead Case, on which dates Pretrial Conferences in the Avoidance Actions will take place. Any pretrial motions filed by the parties to any Avoidance Action must be set for hearing on one of the Omnibus Hearing dates unless otherwise ordered by the Court. If an Avoidance Action has not settled or the parties are unable to timely submit an agreed form of Scheduling Order, then Plaintiff shall file with the Court and serve on the defendant, a notice of Pretrial Scheduling Conference to take place in the Avoidance Action at the next scheduled omnibus hearing, provided however, that a minimum of fourteen (14) days notice of the Pretrial Scheduling Conference is required.

k)      **Modification to Procedures and/or Deadlines**. The Avoidance Action Procedures and/or deadlines contained herein may be modified by the mutual agreement of the parties to any particular Avoidance Action (confirmed by notice of the agreement filed with the Court).

l)      **No Prejudice to Any Defenses**. Except as set forth in paragraph c above, nothing herein shall operate to prejudice any defenses that any party may assert in the Avoidance Actions.

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DBSI INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 08-12687 (PJW)<br><br>Jointly Administered |
| JAMES R. ZAZZALI, as Trustee for the Debtors' Jointly-Administered Chapter 11 Estates and/or as Litigation Trustee for the DBSI Estate Litigation Trust,<br><br>            Plaintiff,<br><br>v.<br><br>Defendants Listed on Exhibit A,<br><br>            Defendants. | Adversary Proceedings |

## NOTICE OF COMMENCEMENT OF [____] WAVE OF AVOIDANCE ACTIONS PURSUANT TO AVOIDANCE ACTION PROCEDURES

**TO:** **DEFENDANTS LISTED ON EXHIBIT A**

**PLEASE TAKE NOTICE** that pursuant to the Court's *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation* entered on October 26, 2010 [Docket No. 5924] (the "Confirmation Order"), the DBSI Estate Litigation Trust was established on October 29, 2010, the Plan Effective Date.[2] Pursuant to the Confirmation Order and the DBSI Estate Litigation Trust Agreement, James R. Zazzali, (the "Trustee" or "Plaintiff") was appointed as the DBSI Estate Litigation Trustee and granted the

---

[1] The last four digits of DBSI Inc.'s federal tax identification number are 5037.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

right to prosecute and settle any and all Estate Causes of Action, including Avoidance Actions arising under chapter 5 of the Bankruptcy Code and applicable state law.

**PLEASE TAKE FURTHER NOTICE** that Trustee previously commenced approximately 850 Avoidance Actions seeking to avoid certain transfers made by one or more of the DBSI Consolidated Debtors, including the Consolidated Non-Debtors or the Note/Fund Consolidated Debtors (collectively, the "Debtors") as preferential and/or fraudulent transfers and related claims and recover such transfers or the value of such transfers from approximately 1,350 named defendants.

**PLEASE TAKE FURTHER NOTICE** that in light of the high number of Avoidance Actions, the United States Bankruptcy Court for the District of Delaware entered an *Interim Order With Respect to the Trustee's Motion for Order Establishing Procedures Governing Avoidance Actions* on December 28, 2010 and a *Final Order Establishing Avoidance Action Procedures* on July __, 2011 (the "Avoidance Action Procedures"), which, among other things, stayed the litigation of each Avoidance Action pending service of this Notice of Commencement.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Avoidance Action Procedures, the Trustee for the DBSI Estate Litigation Trust is authorized to, among other things, designate which Avoidance Actions are to be litigated in waves.

**PLEASE TAKE FURTHER NOTICE** that, as of service of this notice, the stay has been lifted with respect to the Avoidance Actions listed on Exhibit A hereto and each of the defendants in those Avoidance Actions have forty-five (45) days (the "Defendant Response Deadline") from the date of this notice to file an answer or otherwise move in response to the complaint. Plaintiff will thereafter have forty-five (45) days (the "Plaintiff Response Deadline")

2

from the date the answer or responsive motion was filed to file a response. A reply by a defendant, if any, must be filed within twenty (20) days after the Plaintiff Response Deadline.

Dated: [_____] [__], 2011       **GIBBONS P.C.**
Wilmington, DE

By: /s/ _____
Natasha Songonuga, Esq. (Bar No. 5391)
1000 N. West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone: 302-295-4837
Facsimile: 302-295-4876
Email: dbsi@gibbonslaw.com

- and -

Brian J. McMahon, Esq. (admitted *pro hac* vice)
Dale E. Barney, Esq. (admitted *pro hac vice*)
Mark B. Conlan, Esq. (admitted *pro hac vice*)
One Gateway Center
Newark, NJ 07102-5310
Telephone: 973-596-4971
Facsimile: 973-596-0545
Email: dbsi@gibbonslaw.com

*Counsel to James R. Zazzali, as the
DBSI Estate Litigation Trustee.*

# EXHIBIT A

# DBSI Avoidance Action Procedures

## Commencement of [ ] Wave

| No. | Defendant | Adv. Proc. No. |
|-----|-----------|----------------|
|     |           |                |
|     |           |                |
|     |           |                |
|     |           |                |
|     |           |                |